KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

THOMAS M. O'CONNELL
Assistant United States Attorney (NYSBN 1801950)

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone:  (408) 535-5053
   FAX: (408) 535-5066
   Thomas.M.OConnell@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-06-00482- JW |
|    Plaintiff, ) | |
|    v. ) | STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME |
| RANDY LEE SNYDER, ) | |
|    Defendant. ) | SAN JOSE VENUE |

On September 11, 2006, the parties in this case appeared before the Court for a status hearing. At that appearance, Assistant Federal Public Defender Lara Vinnard requested that the case be continued to October 30, 2006. The defendant, through his counsel, therefore agreed to an exclusion of time under the Speedy Trial Act from September 11, 2006 to October 30, 2006. The parties agree and stipulate that an exclusion of time is appropriate based on the defendant and his counsel's respective schedules, the need for adequate time to investigate and prepare the case for purposes of trial or possible disposition, and for the opportunity to explore the possibility of a psychological examination of defendant.

| | | |
|---|---|---|
| 1 | SO STIPULATED: | KEVIN V. RYAN<br>United States Attorney |
| 2 | | |
| 3 | DATED:_____ | /s/<br>_____ |
| 4 | | THOMAS M, O'CONNELL<br>Assistant United States Attorney |
| 5 | | /s/ |
| 6 | DATED:_____ | _____<br>LARA VINNARD |
| 7 | | Assistant Federal Public Defender |

8   Accordingly, the Court HEREBY ORDERS that this case is continued to October 30,

9   2006, at 1:30 p.m., before the Honorable James Ware.

10   For good cause shown, the Court FURTHER ORDERS that time be excluded under the

11   Speedy Trial Act from September 11, 2006 to October 30, 2006.  The Court finds, based on the

12   aforementioned reasons, that the ends of justice served by granting the requested continuance

13   outweigh the best interest of the public and the defendant in a speedy trial.  The failure to grant

14   the requested continuance would deny defense counsel reasonable time necessary for effective

15   preparation, taking into account the exercise of due diligence, and would result in a miscarriage

16   of justice.  The Court therefore concludes that this exclusion of time should be made under 18

17   U.S.C. §§ 3161(h)(8)(A) and (B)(iv).

18   SO ORDERED.

19

20   DATED: 9/12/06        _____

21                         JAMES WARE
                           United States Magistrate Judge